BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

IN RE AMERICAN FINANCIAL )
CORPORATION LITIGATION   )

DOCKET NO. 285   JUL 20 1977

PATRICIA D. HOWARD
CLERK OF THE PANEL

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III*, STANLEY A. WEIGEL, AND ANDREW A. CAFFREY, JUDGES OF THE PANEL

PER CURIAM

This litigation consists of four actions pending in two federal districts: Merton in the Central District of California, and Goldstein, Elfenbein and Chekares in the Southern District of New York.

Merton was filed in the Central District of California in early 1973 as a class action on behalf of certain holders of $40 common stock purchase warrants of National General Corporation (NGC). On April 30, 1975, the class was certified to consist of all persons who purchased NGC's $40 warrants prior to January 10, 1973, and who sold the warrants before January 23, 1973.[1] Named as defendants in Merton are NGC, two of its former directors and officers, and American Financial Corporation (AFC). Plaintiffs charge that defendants violated the federal securities laws and breached a fiduciary duty owed to members of the class because of false and misleading representations and omissions of material facts in

---

* Judges Becker and Lord took no part in the consideration or decision of this matter.

1/ In May 1977, plaintiffs' motion to expand the class in Merton to include members of the class in Goldstein, infra, was denied.

various statements made in 1972 and 1973. The complaint alleges that defendants' fraudulent course of conduct culminated on January 23, 1973, with a tender offer by AFC to acquire all of NGC's outstanding $40 warrants.

Discovery has been completed in Merton, and a comprehensive pretrial order has been entered. Trial is scheduled to commence on September 13, 1977.

Goldstein was commenced in the Southern District of New York in May 1976 as a class action against the defendants involved in Merton, various officers and directors of AFC and an investment company that allegedly was a controlling person of NGC. In January 1977, a class was certified in Goldstein comprised of all persons who held NGC's warrants on January 10, 1973, and who sold the warrants on the open market at a loss between January 24, 1973, and March 14, 1974. The complaint in Goldstein alleges that defendants violated the federal securities statutes and the common law because of many of the same material omissions and false statements that are alleged in the Merton complaint. The Goldstein complaint, however, includes events that occurred after January 23, 1973, the cut-off date in the Merton complaint.

Alleging that Merton and Goldstein share numerous common questions of fact and law, defendants in Goldstein moved the Honorable Henry F. Werker, to whom Goldstein has been assigned, for an order transferring Goldstein to the Central District of California pursuant to 28 U.S.C. §1404(a).

In denying this motion, Judge Werker held that:

> [T]he Merton action is on the verge of trial, a comprehensive pretrial order having been entered and discovery having been completed. Thus, the benefits of coordinated discovery could not here be achieved by a transfer of [Goldstein] to California. Moreover, it seems obvious that consolidation of Goldstein with Merton is highly questionable because of the inevitable delay to the Merton plaintiffs and the prejudice to the Goldstein plaintiffs in having to suddenly be prepared for trial. Thus, two trials would probably result in that district and no interest in judicial economy will have been served. Goldstein, et al. v. American Financial Corp., et al., at 4, No. 76 Civ. 2009 (S.D.N.Y. Oct. 19, 1976).

Both Elfenbein and Chekares are also pending in the Southern District of New York before Judge Werker. All defendants in these two actions are also named as defendants in Goldstein. Except for the class action allegations, the complaints in Elfenbein and Chekares are virtually identical and allege that in 1972 AFC commenced a fraudulent course of conduct in order to gain complete ownership of NGC. This course of conduct allegedly culminated when AFC falsely claimed ownership of 93 percent of NGC's common stock and effectuated a statutory short form merger on March 14, 1974. Elfenbein has been certified as a class action on behalf of stockholders of NGC and holders of NGC's 4 percent convertible debentures who received AFC's 9 1/2 percent non-convertible debentures in exchange for their NGC holdings pursuant to the terms of the merger of NGC into AFC. Chekares is brought on behalf of a class of owners of NGC's $40 warrants who continued to hold the warrants on the date of the merger. No class determination has been made in Chekares.

The defendants in this litigation originally moved the Panel pursuant to 28 U.S.C. §1407 to transfer Goldstein to the Central District of California for coordinated or consolidated pretrial proceedings with Merton. Plaintiffs in each of the four actions before the Panel, however, subsequently moved the Panel to transfer Merton to the Southern District of New York for coordinated or consolidated pretrial proceedings with the three actions pending there.

Although we recognize the existence of common questions of fact in Merton, Goldstein, Elfenbein and Chekares, we have concluded that the inclusion of Merton in Section 1407 proceedings would not serve the convenience of the parties or witnesses or promote the just and efficient conduct of the litigation. And since the other three actions are already pending in a single district, we deny the motions.

Defendants argue that the complaints in Goldstein and Merton raise virtually identical questions of law and fact. The only difference between these two actions, they contend, is that Merton seeks damages on behalf of purchasers of NGC warrants who sold the warrants prior to January 23, 1973, whereas Goldstein seeks damages on behalf of holders of the same warrants who sold the warrants after that date. Transfer pursuant to Section 1407 is necessary, these defendants maintain, in order to avoid duplicative discovery and the possibility of inconsistent class determinations and other pretrial rulings.

Defendants contend that Merton and Goldstein do not share significant common questions of fact with Elfenbein and

| CENTRAL DISTRICT OF CALIFORNIA | Civil Action No. |
|---|---|
| Robert Cox Merton, etc. v. American Financial Corp., et al. | 75-193 |

| SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| Max and Florence L. Goldstein, etc. v. American Financial Corp., et al. | 76-Civ-2009 |
| Ira Elfenbein, etc. v. American Financial Corp., et al. | 75-Civ-3595 |
| Gus Chekares, etc. v. American Financial Corp., et al. | 76-Civ-2377 |

and <u>Chekares</u>. They argue that the majority of the wrongful acts alleged in the <u>Elfenbein</u> and <u>Chekares</u> complaints arise out of the merger of NGC into AFC, which took place more than one year after the alleged violations in <u>Merton</u> and <u>Goldstein</u>.

All plaintiffs, on the other hand, argue that these four actions share numerous questions of fact arising out of the common core of this litigation: the concerted and continuing course of conduct by defendants, from late 1972 to March 1974, to obtain control of NGC for AFC at an artificially depressed price.

In his decision denying the transfer of <u>Goldstein</u> to the Central District of California pursuant to Section 1404(a), Judge Werker characterized the relationship of <u>Merton</u> and <u>Goldstein</u> to <u>Elfenbein</u> and <u>Chekares</u> as follows:

> Although decision on this issue is premature at this point, it is possible that <u>Goldstein</u> could be consolidated for trial at least with respect to certain common issues with <u>Elfenbein</u> and <u>Chekares</u>. Although the <u>Elfenbein</u> and <u>Chekares</u> actions . . . are based in part on events subsequent to those which serve as the basis for <u>Goldstein</u>, the allegation that [AFC] sought to obtain complete ownership of [NGC] by fraudulent means is common to all three actions.... The defendants' claim that the <u>Goldstein</u> and <u>Merton</u> actions are intimately related and are different from the <u>Elfenbein</u> and <u>Chekares</u> actions while accurate from one perspective, fails to consider in the nature of the relationship of <u>Chekares</u> to <u>Goldstein</u>. The classes represented in <u>Goldstein</u> and <u>Merton</u> were the owners of warrants who sold them in contiguous time spans. <u>Goldstein</u>, however, bears the same relationship to <u>Chekares</u> as it does to <u>Merton</u>. <u>Chekares</u> covers the class of those who continued to hold the warrants up to the date of the merger in March of 1974, and thus covers the time span subsequent to that covered by

Goldstein. Moreover, all four suits bear a strong resemblance to one another in that they arose out of the alleged fraudulent scheme by which [AFC] ultimately took over [NGC]. Goldstein, supra, at 5-6.

We agree with Judge Werker's analysis of the factual issues involved in this litigation. And, while the prior denial of a Section 1404(a) transfer is not dispositive of a Section 1407 motion because of the different considerations that underlie these two statutes, see In re Air Crash Disaster at Toronto International Airport on July 5, 1970, 346 F. Supp. 533 (1972), and see also In re Aviation Products Liability Litigation, 347 F. Supp. 1401, 1404 (1972), in the litigation now before us we further agree with Judge Werker's conclusion that Merton, wherein discovery has been completed and trial is imminent, should be left alone to proceed to trial as expeditiously as possible. See p.3 supra. In contrast to the advanced stage of Merton, at the Panel hearing on this matter counsel for plaintiffs in Goldstein estimated that discovery in Goldstein, Elfenbein and Chekares would continue until early or mid 1978. Transcript at 33. Thus, including Merton in Section 1407 proceedings with any or all of the New York actions is clearly inappropriate. See In re Celotex Corp. "Technifoam" Products Liability Litigation, 68 F.R.D. 502, 505 (J.P.M.L. 1975).

Moreover, we envision no possibility of duplicative discovery in Merton and the three New York actions. At the Panel hearing counsel for all parties stipulated that all discovery in Merton would be deemed applicable to Goldstein. Transcript at 29-33. And since the three New York actions are already before a single judge, he can easily take appropriate steps to ensure that the discovery in Merton may be made applicable to Elfenbein and

<u>Chekares</u> as well.  <u>Cf.</u>  <u>Manual for Complex Litigation</u>, Parts I and II, §3.11 (rev.ed. 1973).  We also observe that there no longer appears to be any danger of conflicting class certifications in this litigation.  Non-overlapping classes already have been certified in <u>Goldstein</u>, <u>Elfenbein</u> and <u>Merton</u>, and a wholly distinct class is alleged in <u>Chekares</u>.

IT IS THEREFORE ORDERED that the motions for transfer pursuant to 28 U.S.C. §1407 pertaining to the actions listed on the following Schedule A be, and the same hereby are, DENIED.